UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

N⁰ 10-CV-2742 (JFB)
_____

MANUEL ROSALES

Petitioner,

VERSUS

DALE ARTUS,
SUPERINTENDENT,
GOWANDA CORRECTIONAL FACILITY,

Respondent.

_____

MEMORANDUM AND ORDER
August 30, 2011
_____

Joseph F. Bianco, District Judge:

Manuel A. Rosales (hereinafter "Rosales" or "petitioner") petitions this Court *pro se* for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction in state court. Petitioner pled guilty to criminal sale of a controlled substance in the second degree, N.Y. Penal Law § 220.41. By plea bargain agreement, two charges—criminal sale of a controlled substance in the first degree, N.Y. Penal Law § 220.43(1) and four counts of criminal possession of a controlled substance in the third degree, N.Y Penal Law § 220.16(1), (12)—were dismissed. Petitioner was sentenced to a determinate term of four years' imprisonment and five years' post-release supervision. In the instant petition, petitioner argues that several grounds support granting a writ of habeas corpus. Specifically, petitioner argues that (1) he received ineffective assistance of counsel; and (2) his plea was not knowing, voluntary, and intelligent. Additionally, petitioner requests the appointment of counsel to assist him with these issues. Petitioner further states that, in consideration of his need for a liver transplant, his deportation to El Salvador would amount to torture in violation of the United Nations Convention Against Torture, 8 C.F.R. 1208.16(c)(4) and 1208.16(d)(2), (3). For the reasons set forth below, the petition is denied in its entirety.

1

## I. BACKGROUND AND PROCEDURAL HISTORY

### A. FACTS

The following facts are adduced from the instant petition and the record below.

Under Nassau County Indictment Number 2843N-07, petitioner was charged with one count of criminal sale of a controlled substance in the first degree in violation of N.Y. Penal Law § 220.43(1), two counts of criminal possession of a controlled substance in the third degree in violation of N.Y. Penal Law § 220.16(1), two counts of criminal possession of a controlled substance in the third degree in violation of N.Y. Penal Law § 220.16(12), and one count of criminal sale of a controlled substance in the second degree in violation of N.Y. Penal Law § 220.41(1). These charges stemmed from petitioner's alleged sale of cocaine to an undercover police officer on June 25, 2007 and September 10, 2007. (Indictment at 1-2.)

On March 3, 2008, petitioner pled guilty to the charge of criminal sale of a controlled substance in the second degree pursuant to a plea agreement whereby the remaining charges were dismissed. During his plea allocution, petitioner stated that he did not need the services of an interpreter, but nonetheless, a sworn Spanish interpreter was present so that the petitioner could answer in Spanish. (Plea Tr. at 3.) Although a Spanish interpreter was present, throughout the allocution, petitioner responded to the Court's questions in English. (*Id.* at 2-16.) At one point, subsequent to the interpreter's request for the Court to repeat a question, the Court redirected the translator, stating, "Just translate everything for me. His answers can be in English, that I understand, but as long as he's hearing Spanish." (*Id.* at 7.)

At the plea hearing, petitioner stated that, on June 25, 2007, petitioner was in the vicinity of Smith Street in North Merrick, Nassau County. (*Id.* at 14.) He stated that on that day he sold cocaine to another person for an agreed upon price. (*Id.* at 14-15.) Specifically, petitioner exchanged .9559 ounces of cocaine for the amount of eleven hundred dollars. (*Id.* at 15.) Petitioner further stated that he was not a pharmacist, nor was he in any way licensed to dispense cocaine. (*Id.* at 15-16.) Petitioner pled guilty to criminal sale of a controlled substance in the second degree, a class A-II felony, in satisfaction of all the charges under Indictment 2843N-07. (*Id.* at 16.) Petitioner's counsel commented that petitioner had a medical problem, and requested that his file be marked for medical attention. (*Id.* at 17.)

Pursuant to the terms of the plea agreement, on May 6, 2008, petitioner was sentenced to a determinate term of four years' imprisonment and five years' post-release supervision. (Sentencing Tr. at 4.) His file was to be marked medical attention as necessary. (*Id.*)

### B. Procedural History

On June 3, 2010, petitioner filed a New York Criminal Procedure Law § 440.10 motion to vacate his conviction, arguing that his guilty plea was involuntarily entered into and resulted from ineffective assistance of counsel because his counsel informed petitioner that he could not be deported as a result of his guilty plea. (Pet'r's Aff., dated June 3, 2010, at ¶ 1.) Petitioner further requested the assignment of counsel to represent him. (*Id.* at ¶ 11.) The Nassau County Court denied petitioner's motion to vacate judgment on February 7, 2011. (N.Y. Sup. Ct., Nassau Cnty. Decision at 3 (Resp't Ex. 6).) Specifically, the court found that, in accordance with New York Criminal

Procedure Law § 440.30(4)(d), there was "no reasonable possibility" that the petitioner's allegation that he was unaware of the potential consequence of deportation as a result of his guilty plea was true. (*Id.*) Further, the Court denied his request for the assignment of counsel as moot. (*Id.*)

Petitioner filed the instant habeas petition on June 6, 2010. Respondent filed its opposition on April 20, 2011. Petitioner did not file a reply. This matter is deemed fully submitted.

II. STANDARD OF REVIEW

To determine whether petitioner is entitled to a writ of habeas corpus, a federal court must apply the standard of review set forth in 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which provides, in relevant part:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2554. "Clearly established Federal law" is comprised of "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Green v. Travis*, 414 F.3d 288, 296 (2d Cir. 2005) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

A decision is "contrary to" clearly established federal law, as determined by the Supreme Court, "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413. A decision is an "unreasonable application" of clearly established federal law if a state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." *Id*.

AEDPA establishes a deferential standard of review: "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Gilchrist v. O'Keefe*, 260 F.3d 87, 93 (2d Cir. 2001) (quoting *Williams*, 529 U.S. at 411). The Second Circuit added that, while "[s]ome increment of incorrectness beyond error is required . . . the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." *Id*. (quoting *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000)). Finally, "if the federal claim was not adjudicated on the merits, 'AEDPA deference is not required, and conclusions of law and mixed findings of fact and conclusions of law are reviewed *de novo*.'" *Dolphy v. Mantello*, 552 F.3d 236, 238 (2d Cir. 2009) (quoting *Spears v. Greiner*, 459 F.3d 200, 203 (2d Cir. 2006)).

III. DISCUSSION

Petitioner argues that he is entitled to habeas relief due to his misunderstanding of the collateral consequences of his guilty plea. (Pet. at 1-3.) Specifically, petitioner argues that he received ineffective assistance of counsel because his counsel informed him that he would not be deported as a result of his plea, and that his guilty plea was not knowing, voluntary, and intelligent in light of his lawyer's ineffective assistance of counsel. (*Id.* at 1-2.) Petitioner also notes that he is not fluent in "speaking, writing and understanding the English language." (*Id*. at 3.) Respondent seeks to dismiss the instant habeas corpus petition because petitioner's claim of ineffective assistance of counsel is procedurally barred from review. (Resp't Br. at 4.) Respondent states that petitioner's claim is exhausted under 28 U.S.C. § 2254(b)(1)(a) and 28 U.S.C. § 2254(c), but is barred from review due to petitioner's failure to seek leave to appeal from the Nassau County Court's denial of his motion to vacate judgment. (Resp't Br. at 5.) For the reasons set forth below, the Court concludes that Rosales's petition is deemed exhausted, but is barred because it is procedurally defaulted. In any event, having analyzed the merits of petitioner's claims in an abundance of caution, the Court also finds that petitioner's claims are meritless.

A. Exhaustion and Procedural Default

For the reasons set forth below, the Court is procedurally barred from reviewing petitioner's claims regarding the effective assistance of counsel and the voluntariness of the plea.

1. Legal Standard

As a threshold matter, a district court shall not review a habeas petition unless "the applicant has exhausted the remedies available in the courts of the state." 28 U.S.C. § 2254(b)(1)(A). Although a state prisoner need not petition for certiorari to the United States Supreme Court to exhaust his claims, *see Lawrence v. Florida*, 549 U.S. 327, 333 (2007), petitioner must fairly present his federal constitutional claims to the highest state court having jurisdiction over them. *See Daye v. Attorney Gen. of N.Y.*, 696 F.2d 186, 191 n. 3 (2d Cir. 1982). Exhaustion of state remedies requires that a petitioner "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971) (quotation marks omitted)).

However, "it is not sufficient merely that the federal habeas applicant has been through the state courts." *Picard*, 404 U.S. at 275-76. On the contrary, to provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), alerting that court to the federal nature of the claim and "giv[ing] the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Duncan*, 513 U.S. at 365-66. "A petitioner has 'fairly presented' his claim only if he has 'informed the state court of both the factual and the legal premises of the claim he asserts in federal court.'" *Jones v. Keane*, 329 F.3d 290, 294-95 (2d Cir. 2003) (quoting *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997)). "Specifically, [petitioner] must have set forth in state court all of the essential factual allegations asserted in his federal petition; if material factual allegations were omitted, the state court has not had a fair opportunity to rule on the

claim." *Daye*, 696 F.2d at 191-92 (citing *Picard*, 404 U.S. at 276); *United States ex rel. Cleveland v. Casscles*, 479 F.2d 15, 19-20 (2d Cir. 1973)). To that end, "[t]he chief purposes of the exhaustion doctrine would be frustrated if the federal habeas court were to rule on a claim whose fundamental legal basis was substantially different from that asserted in state court." *Id*. at 192 (footnote omitted).

Like the failure to exhaust a claim, the failure to satisfy the state's procedural requirements deprives the state courts of an opportunity to address the federal constitutional or statutory issues in a petitioner's claim. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). "[A] claim is procedurally defaulted for the purposes of federal habeas review where 'the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Reyes v. Keane*, 118 F.3d 136, 140 (2d Cir. 1997) (quoting *Coleman*, 501 U.S. at 735) (additional citations and emphasis omitted). Where the petitioner "can no longer obtain state-court review of his present claims on account of his procedural default, those claims are . . . to be deemed exhausted." *DiGuglielmo v. Smith*, 366 F.3d 130, 135 (2d Cir. 2004) (citing *Harris v. Reed*, 489 U.S. 255, 263 n.9 (1989)); *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1991)). Therefore, for exhaustion purposes, "a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." *Keane*, 118 F.3d at 139 (quoting *Hoke*, 933 F.2d at 120).

However, "exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court. Instead if the petitioner procedurally defaulted those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (citing *Gray v. Netherland*, 518 U.S. 152, 162 (1996)); *Coleman*, 501 U.S. at 744-51). "[T]he procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default." *Netherland*, 518 U.S. at 162 (citations omitted).

The procedural bar rule in the review of applications for writs of habeas corpus is based on the comity and respect that state judgments must be accorded. *See House v. Bell*, 547 U.S. 518, 536 (2006). Petitioner's federal claims may also be procedurally barred from habeas corpus review if they were decided at the state level on adequate and independent procedural grounds. *See Coleman*, 501 U.S. at 729-33. The purpose of this rule is to maintain the delicate balance of federalism by retaining a state's rights to enforce its laws and to maintain its judicial procedures as it sees fit. *Id*. at 730-31.

Once it is determined that a claim is procedurally barred under state rules, a federal court may still review such a claim on its merits if the petitioner can demonstrate both cause for the default and prejudice resulting therefrom, or if he can demonstrate that the failure to consider the claim will result in a miscarriage of justice. *Id*. at 750 (citations omitted). A miscarriage of justice is demonstrated in extraordinary cases, such as where a constitutional violation results in the conviction of an individual who is actually innocent. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

5

## 2. Application

The Court concludes that petitioner's claims regarding ineffective assistance of counsel and the invalidity of his plea are procedurally barred from review. Petitioner was served with notice of the County Court's denial of his motion to vacate judgment on February 24, 2011. (Resp't Br. at 5.) Petitioner failed to seek leave to appeal within thirty days, as required by the rules of the Appellate Division. *See* 22 NYCRR §670.12; *see also* C.P.L. §§450.15, 460.25. Petitioner's potential future requests to seek leave to appeal would be untimely, and, as such, there is no longer a forum for petitioner to seek the review of his claim within state courts. Therefore, petitioner's claims are deemed exhausted, but procedurally barred from federal habeas corpus review. *See Thomas v. Greiner*, 111 F. Supp. 271, 276-77 (S.D.N.Y. 2000); *Hoke*, 933 F.2d at 119-21.

## B. Review on the Merits

Although the Court finds that petitioner's claims are procedurally barred, the Court has nonetheless considered all of petitioner's claims on the merits. For the reasons set forth below, the Court concludes that petitioner has failed to demonstrate any basis for habeas relief.

### 1. Validity of Plea

For the reasons set forth below, the Court rejects petitioner's argument that his guilty plea was not knowing, voluntary, and intelligent.

#### a. Legal Standard

The well-established standard for determining the validity of a guilty plea is "'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart,* 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford,* 400 U.S. 25, 31 (1970)). Where a defendant is represented by counsel at the plea, and enters the plea upon the advice of counsel, "the voluntariness of the plea depends upon whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* (internal quotation marks and citations omitted). "[B]ecause a guilty plea waives important rights, . . . it 'is valid only if done voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'" *United States v. Adams,* 448 F.3d 492, 497 (2d Cir. 2006) (quoting *Bradshaw v. Stumpf,* 545 U.S. 175, 183 (2005)) (additional quotation marks and citation omitted); *accord Godinez v. Moran,* 509 U.S. 389, 400 (1993). Normally, a guilty plea may not be collaterally attacked, since it constitutes an admission to all elements of the charged crime. *See Salas v. United States,* 139 F.3d 322, 324 (2d Cir.1998). However, a defendant may challenge a guilty plea on the ground that it was not made knowingly and voluntarily. *See United States v. Simmons,* 164 F.3d 76, 79 (2d Cir. 1998). A conviction which is based upon an involuntary plea of guilty is inconsistent with due process of law and is subject to collateral attack by federal habeas corpus. *See McMann v. Richardson,* 397 U.S. 759, 772 (1970).

#### b. Application

Petitioner argues that his guilty plea was involuntary because he agreed to it without knowing the potential collateral consequence of deportation. (Pet. at 1, 4.) The Court rejects this argument. As a threshold matter, petitioner does not argue that he did not understand the charge of criminal sale of a controlled substance in the second degree. At his plea, petitioner stated

under oath that he had discussed the guilty plea with counsel prior to the allocution, and that he understood the court's questions. The court also engaged in the following colloquy with petitioner:

> Q: You understood everything that you have heard so far?
>
> A: (In English.) Yes.
>
> Q: You understand everything your attorney has told you?
>
> A: (In English.) Yes.
>
> Q: You understand everything I have told you?
>
> A: (In English.) Yes.
>
> …
>
> Q: Have you had enough time to speak with your attorney before entering your plea here today?
>
> A: (In English.) Yes.

(Plea Tr. at 6-7.) Petitioner then admitted to the elements of the criminal sale of a controlled substance charge. (*Id*. at 14-16.) Based upon this Court's review of the guilty plea transcript, the Court concludes that petitioner's guilty plea was knowing, voluntary, and intelligent.

To the extent that petitioner generally raises language comprehension issues, the Court rejects that contention. The record reflects the presence of an interpreter during the plea allocution. (Plea Tr. at 3, 7.) In fact, the record reflects not only that the petitioner was responsive to the variety of questions asked by the Court, but that he answered these questions in English (*Id*. at 1-17.) For example, when asked about his legal status, petitioner answered that he was a permanent resident. (*Id*. at 5.) When asked whether he graduated high school, petitioner responded that he was one year from finishing, but got married. (*Id*.) When asked if he was in good physical and mental health, petitioner responded that he had problems with his liver, but that he was in good mental health. (*Id*. at 5-6.) Thus, petitioner's responses indicate a legitimate grasp of the English language and the ability to respond to an assortment of questions.

In short, petitioner's claim that his guilty plea was not knowing, voluntary, and intelligent is without merit.

2. Ineffective Assistance of Counsel Claim

The Court also concludes that petitioner's ineffective assistance of counsel claim fails on the merits.

### a. Legal Standard

Under the standard promulgated by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a petitioner is required to demonstrate two elements in order to state a successful claim for ineffective assistance of counsel: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694.

The first prong requires a showing that counsel's performance was deficient. However, constitutionally effective counsel embraces a "wide range of professionally competent assistance," and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Greiner v. Wells,*

7

417 F.3d 305, 319 (2d Cir. 2005) (quoting *Strickland,* 466 U.S. at 690). The performance inquiry examines the reasonableness of trial counsel's actions under all circumstances, keeping in mind that a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight." *Id.* at 319 (quoting *Rompilla v. Beard,* 545 U.S. 374, 408 (2005)). In assessing performance, a court must apply a "heavy measure of deference to counsel's judgments." *Id.* (quoting *Strickland,* 466 U.S. at 691). "A lawyer's decision not to pursue a defense does not constitute deficient performance if, as is typically the case, the lawyer has a reasonable justification for the decision," *DeLuca v. Lord,* 77 F.3d 578, 588 n. 3 (2d Cir. 1996), and "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* at 588 (citing *Strickland,* 466 U.S. at 690-91). Moreover, "strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id.*

The second prong focuses on prejudice to the petitioner. The petitioner is required to show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. In this context, "reasonable probability" means that the errors were of a magnitude such that they "undermine confidence in the [proceeding's] outcome." *Cullen v. Pinholster*, --- U.S. ----, 131 S.Ct. 1388, 1403 (2011) (quoting *Strickland,* 466 U.S. at 694). "The question to be asked in assessing the prejudice from counsel's errors . . . is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Henry v. Poole,* 409 F.3d 48, 63-64 (2d Cir. 2005) (quoting *Strickland,* 466 U.S. at 695). In the context of a guilty plea, in order to satisfy the "prejudice" prong, "the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985).

The Supreme Court affirmed *Strickland*'s analysis of ineffective assistance of counsel claims in *Padilla v. Kentucky*, 130 S. Ct. 1473, 1481-85 (2010). The Court held that ineffectiveness of counsel may be established when a criminal defense attorney fails to advise a noncitizen client of the risk of deportation arising from a guilty plea. *Id.* at 1478. However, the Court stressed that "to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Id*. at 1485.

The Second Circuit has not yet decided whether *Padilla* applies retroactively. Nevertheless, this Court finds that, to the extent *Padilla* set forth a newly recognized constitutional rule of criminal procedure, that rule should not be deemed retroactive to cases on collateral review. Indeed, as described by Judge Gleeson in *Hamad v. United States*, No. 10-cv-5829, 11-cv-550, 2011 WL 1626530 (E.D.N.Y. Apr. 28, 2011), "there is only one (relevant) exception to the general rule of nonretroactivity: where the new rule 'requires the observance . . . of procedures that are implicit in the concept of ordered liberty.'" *Id.* at *2 (quoting *Teague v. Lane*, 489 U.S. 288, 311 (1989)). This exception is a narrow one, and although "[t]he right recognized by *Padilla* . . . [is] important, [it] is 'simply not at that level.'" *Hamad*, 2011 WL 1626530, at *2 (quoting *Doan v. United States*, --- F. Supp. 2d. ----, 2011 WL

116811, at *3 (W.D.Va. Jan. 4, 2011)); *accord Ellis v. United States*, --- F. Supp. 2d. ----, 2011 WL 3664658, at *7-8 (E.D.N.Y. June 3, 2011) ("The rule announced in *Padilla* will therefore only be applied retroactively if it qualifies as a watershed rule. . . . The rule announced in *Padilla* is based on the Sixth Amendment's right to effective assistance of counsel as interpreted by *Strickland*. It is a relatively narrow holding that interprets *Strickland* in a new context and merely announces a previously unrecognized standard that criminal defense attorneys must meet in order to provide noncitizen defendants with constitutionally adequate representation. . . . This rule is neither profound nor sweeping, nor does it have a fundamental impact on criminal proceedings generally. I therefore find that the rule announced in *Padilla* does not apply retroactively."). *But see United States v. Orocio*, 645 F.3d 630, 641 (3d Cir. 2011) (holding that "because *Padilla* followed directly from *Strickland* and long-established professional norms, it is an 'old rule' for *Teague* purposes and is retroactively applicable on collateral review"). In any event, even assuming *arguendo* that *Padilla* has retroactive effect, petitioner's ineffective assistance of counsel claim fails on the merits for the reasons set forth *infra*.

b. Application

Here, petitioner's claim fails to satisfy both prongs of the *Strickland* test.

With respect to the first prong, petitioner has failed to demonstrate that his counsel has supplied deficient representation. As an initial matter, it was not objectively unreasonable for petitioner's counsel to advise him to plead guilty to criminal sale of a controlled substance in the second degree. Petitioner contends that he was given false advice by his attorney that he would not be deported if he pled guilty, and that if it weren't for his attorney's advice, he would have gone to trial and defended against his charges. (Pet. at 1-4). Although petitioner claims to be innocent of his charges, he offers no argument regarding the sufficiency of the government's evidence. (Pet. at 4.) Further, a review of the record demonstrates that petitioner received an advantageous plea agreement by pleading guilty to criminal sale of a controlled substance in the second degree. Specifically, petitioner received a sentence of four years' imprisonment and five years' post-release supervision, avoiding a more severe potential sentence; petitioner faced a potential maximum prison term of twenty years for the class A-I felony with which he was charged, and a potential consecutive maximum prison term of ten years for the class A-II felony with which he was charged. (Resp't Br. at 9.)

In addition, as to counsel's alleged failure to properly advise petitioner of the collateral consequences of his plea, the Court finds that petitioner has failed to demonstrate that counsel's conduct fell outside the bounds of reasonable professional conduct. In support of the claim that counsel told petitioner that he could *not* be deported as a result of his plea, petitioner has relied solely upon self-serving statements in his motion papers. However, it is well-settled that "self-serving allegations of ineffective assistance of counsel are not enough to overturn a knowing and voluntary guilty plea." *Eber-Schmid v. Cuomo*, 09 CIV 8036 (BSJ) (AJP), 2010 WL 1640905, at *28 (S.D.N.Y. Apr. 22, 2010) (citing *United States v. Gordon,* 156 F.3d 376, 380-81 (2d Cir. 1998) (*Strickland's* "but for" test requires "some further 'objective evidence' " beyond a petitioner's "self-serving, post-conviction testimony"); *Potter v. Green*, No. 04-CV-1343, 2009 WL 2242342 at *15 (E.D.N.Y.

9

July 24, 2009) ("Petitioner's only evidence showing that 'but for' counsel's error, Petitioner would not have pled guilty is Petitioner's affidavit; however this statement alone is insufficient."); *Grullon v. United States*, 99 Civ. 1877, 2004 WL 1900340, at *6 (S.D.N.Y. Aug. 24, 2004) ("In considering an ineffective counsel claim, a court need not accept a petitioner's uncorroborated, self-serving testimony as true."); *Slevin v. United States*, 71 F. Supp. 2d 348, 356 n. 7 (S.D.N.Y. 1999) ("The Second Circuit has invariably affirmed a trial judge's right to discount a habeas petitioner's uncorroborated, self-serving testimony.")). As already discussed *supra*, the Court finds that petitioner's plea in this case was knowing and voluntary. Moreover, the Court notes that petitioner's allegations here are directly contradicted by his statements during his plea allocution that he: understood everything he heard, had discussed the plea with his attorney, and was aware that his guilty plea could result in his deportation.[1] Accordingly, the Court finds that petitioner's self-serving statements are insufficient in this case to establish that counsel's conduct fell outside the "wide range of professionally competent assistance." *Strickland,* 466 U.S. at 690.

In any event, even assuming *arguendo* that counsel's performance was deficient, petitioner has failed to demonstrate that he was prejudiced by counsel's ineffective assistance. First, as noted *supra*, the trial court confirmed with petitioner that petitioner was aware that his plea of guilty might result in deportation. (Plea Tr. at 5 ("Q: Do you understand by pleading guilty in this case your plea may result in deportation or a denial of your naturalization; do you understand that? A: (In English.) Yes.").) Thus, even if petitioner's counsel had incorrectly informed petitioner that he could not be deported, that error was rectified by the trial court's questioning during petitioner's plea allocution. Furthermore, assuming *arguendo* that *Padilla* applies retroactively here, petitioner has failed to establish that a decision to reject the plea bargain and go to trial would have been "rational under the circumstances." *Padilla,* 130 S. Ct. at 1485. Specifically, as discussed *supra*, petitioner's plea agreement included a four year sentence, which is drastically lower than the thirty-year maximum sentence he could have faced after trial. Consequently, the Court finds that petitioner has failed to establish that he was prejudiced by any alleged deficiencies in his counsel's performance and, as such, petitioner's ineffective assistance of counsel claim fails on the merits.

### 3. Challenge to Deportation

Petitioner has also requested relief from the order of deportation entered against him. (Pet. at 2.) In particular, petitioner argues that, because he is in need of a liver

---

[1] During the plea allocution, petitioner stated:

Q: Are you a citizen of the United States?

A: (In English.) No, in two days I was going to become a citizen.

Q: Okay, what is your legal status in this country presently?

A: (In English.) Legal Status, I'm permanent resident.

Q: Permanent resident?

A: (In English.) Yes.

Q: Do you understand by pleading guilty in this case your plea may result in deportation or a denial of your naturalization; do you understand that?

A: (In English.) Yes.

(Plea Tr. At 4-5).

transplant which he will not be able to obtain in El Salvador, allowing him to be deported would amount to torture in violation of the United Nations Convention Against Torture. (*Id.*) The Court, however, does not have jurisdiction to hear these claims under Section 106 of the REAL ID Act of 2005, 8 U.S.C. § 1252, which "'strips district courts of jurisdiction to hear habeas petitioners challenging final orders of deportation.'" *Eisa v. Immigration & Customs Enforcement*, No. 08-cv-6204 (FM), 2008 WL 4223618, at *3 (S.D.N.Y. Sept. 11, 2008) (quoting *De Ping Wang v. Dep't of Homeland Sec.*, 484 F.3d 615, 615-16 (2d Cir. 2007)). Pursuant to the REAL ID Act, the "'sole and exclusive' method to obtain judicial review of a final order of removal is to petition the appropriate circuit court of appeals for review." *Eisa*, 2008 WL 4223618, at *3 (quoting 8 U.S.C. § 1252(a)(5)). Therefore, to the extent petitioner is challenging his deportation and removal and is seeking a stay of, or any other relief from, his order of removal, this Court lacks jurisdiction to grant such relief. *See id.* at *4 (noting that court lacked jurisdiction to grant a stay of removal) (collecting cases).

4. Petitioner's Request for Counsel

Petitioner requests the appointment of counsel to assist him in further proceedings. (*Id*. at 3.) The Court has considered this request based on the circumstances of this case, and concludes that, here, the appointment of counsel is unwarranted. The appointment of counsel when an indigent defendant appears to have some chance of success must be considered by balancing several factors. *Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986). One consideration is the nature of the factual issues the claim presents, as for example, if a case requires substantial factual investigation. *Id.* at 61. Because an indigent prisoner would be unable to conduct such an investigation, these circumstances would militate toward appointing counsel. *Id*. Further, another consideration is whether a case's factual issues turn on credibility. *Id.* In cases where "it is more likely that the truth will be exposed where both sides are represented by those trained in the presentation of evidence and in cross-examination," this factor would weigh in favor the appointment of counsel. *Id*. (internal quotation marks and citation). An additional consideration is a plaintiff's apparent ability to present the case. *Id.* Finally, if the legal issues presented are complex, the Court should be more inclined to appoint counsel. *Id.* at 62.

The Court finds that petitioner's request to appoint counsel is unwarranted. Because petitioner's habeas petition is procedurally barred from review, and without merit, the appointment of counsel is moot. Further, there are no complex factual or legal issues in petitioner's case since his conviction resulted from his guilty plea and the meritless nature of his claims is clear from the record.

IV. CONCLUSION

For the foregoing reasons, petitioner has demonstrated no basis for relief under 28 U.S.C. § 2254. Petitioner has not demonstrated that any state court decision was contrary to, or an unreasonable application of, clearly established federal law, nor has petitioner demonstrated that any state court decision was an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Moreover, the Court finds petitioner's claims, which are procedurally barred, to be without merit. Therefore, the petition for a writ of habeas corpus is denied.

The Court also concludes that it does not have subject matter jurisdiction to hear petitioner's argument that deportation would amount to torture under the United Nations Convention Against Torture 8 C.F.R. 1208.16(c)(4) and 1208.16(d)(2),(3).

Because petitioner has failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue.  *See* 28 U.S.C. §2253(c)(2).  The Clerk of the Court shall enter judgment accordingly and close this case.

       SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: August 30, 2011
Central Islip, New York

\*\*\*

Petitioner is proceeding *pro se*.  Respondent is represented by Barbara Kornblau and Joanna Hershey, Nassau County District Attorney's Office, 262 Old Country Road, Mineola, New York 11501.